**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0002691
25-OCT-2016
07:56 AM**

NO. CAAP-13-0002691

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
ROSS COLLINS, also known as Rip Collins,
Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR NO. 13-1-0133)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Reifurth and Ginoza, JJ.)

Defendant-Appellant Ross Collins, also known as Rip Collins, appeals from the July 10, 2013 Judgment of Conviction and Sentence; Notice of Entry; Count I and the July 10, 2013 Judgment of Conviction and Sentence; Notice of Entry; Count II ("July 10, 2013 Judgments") entered by the Circuit Court of the First Circuit ("Circuit Court").[1] Collins was convicted on Count I, Burglary in the Second Degree, in violation of Hawaii Revised Statutes ("HRS") § 708-811(1) (1993)[2] and on Count II, Resisting Arrest, in violation of HRS § 710-1026(1) (Supp. 2012)[3]. On appeal, Collins contends that the Circuit Court

---

[1]    The Honorable Glenn J. Kim presided.

[2]    "A person commits the offense of burglary in the second degree if the person intentionally enters or remains unlawfully in a building with intent to commit therein a crime against a person or against property rights." Haw. Rev. Stat. § 708-811(1).

[3]
          A person commits the offense of resisting arrest if the person intentionally prevents a law enforcement officer acting under color of the law enforcement officer's official authority from effecting an arrest by:

erred in denying his motion for judgment of acquittal due to insufficient evidence as to: (1) the Burglary in the Second Degree charge; and (2) the Resisting Arrest charge.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, as well as the relevant statutory and case law, we resolve Collins' appeal as follows and affirm.

We apply the following standard in reviewing a trial court's denial of a motion for judgment of acquittal: "[W]hether, upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *State v. Pone*, 78 Hawai'i 262, 265, 892 P.2d 455, 458 (1995) (brackets omitted) (quoting *State v. Alston*, 75 Haw. 517, 528, 865 P.2d 157, 163 (1994)). "It is the province of the [trier of fact], not the appellate courts, to determine the credibility of witnesses[,]" *State v. Souza*, 119 Hawai'i 60, 72-73, 193 P.3d 1260, 1272-73 (App. 2008), and we "give full play to the province of the trier of fact to determine credibility, weigh the evidence, and draw rational inferences from the facts." *State v. Lioen*, 106 Hawai'i 123, 130, 102 P.3d 367, 374 (App. 2004). On appeal, the test for the denial of a motion for judgment of acquittal is essentially the same as that applied to determine the sufficiency of evidence to support the conviction. *State v. Davalos*, 113 Hawai'i 385, 389, 153 P.3d 456, 460 (2007).

(1) In his first point of error, Collins contends that the Circuit Court erred in denying his motion for judgment of acquittal because the State failed to present sufficient evidence to show that he knew that his entry into the Tesoro gas station

---

> (a) Using or threatening to use physical force against the law enforcement officer or another; or
>
> (b) Using any other means creating a substantial risk of causing bodily injury to the law enforcement officer or another.

Haw. Rev. Stat. § 710-1026(1).

store on January 28, 2013, was unlawful at the time. In support, Collins relies on the testimony adduced at trial that he did not sign the trespass warning form issued to him on October 3, 2012 by Honolulu Police Department ("HPD") Officer Keoni Smith; that Florence Tolentino, the Tesoro gas station manager who was present when Collins was issued the trespass warning, thought he was drunk at the time the warning was issued; and that he entered the gas station peaceably on January 28, 2013. These arguments are without merit.

"A person commits the offense of burglary in the second degree if the person intentionally enters . . . unlawfully in a building with intent to commit therein a crime . . . against property rights." Haw. Rev. Stat. § 708-811(1). Collins contends that there was insufficient evidence that he intended[4/] to enter the store unlawfully.

The State need not produce direct evidence that Collins was sober and understood the trespass warning; the circumstantial evidence offered by the witnesses may be sufficient. *State v. Gay*, No. 28296, 2009 WL 430441, at *2 (Hawai'i App. Feb. 23, 2009) (citing *State v. Hopkins*, 60 Haw. 540, 544, 592 P.2d 810, 812 (1979) ("[I]t is an elementary principle of law that intent may be proved by circumstantial evidence; that the element of intent can rarely be shown by direct evidence; and that it may be shown by a reasonable inference arising from the circumstances surrounding the act[.]")).

The State presented evidence that could lead a rational trier of fact to conclude beyond a reasonable doubt that Collins intended to enter the gas station store unlawfully. Azaria

---

[4/] "Intentionally" is defined as:

    (a) A person acts intentionally with respect to his conduct when it is his conscious object to engage in such conduct.

    (b) A person acts intentionally with respect to attendant circumstances when he is aware of the existence of such circumstances or believes or hopes that they exist.

    (c) A person acts intentionally with respect to a result of his conduct when it is his conscious object to cause such a result.

Haw. Rev. Stat. § 702-206(1) (1993).

Kumaoʻo, an attendant at the store on January 28, 2013, testified that Collins told her that he already owed [Tesoro] money, and that she should call the cops. Furthermore, Tolentino testified that she believed that Collins understood the trespass warning at the time it was issued based on his words and the nodding of his head. Finally, Officer Smith testified that he believed that Collins understood the trespass warning when he explained it to him, and that, based on his experience and training, Collins was not drunk at the time.

Collins does not address why this evidence is not credible or why a reasonable trier of fact could not find intentional unlawful entry beyond a reasonable doubt. Instead, Collins invites this court to re-weigh the evidence and invade the province of the trier of fact, an invitation that we decline. State v. Eastman, 81 Hawaiʻi 131, 139, 913 P.2d 57, 65 (1996) ("An appellate court will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge.").

There is ample evidence that the trier of fact could have relied upon in concluding that Collins was either not drunk when the trespass warning was issued, or was drunk, but still understood that he was not allowed to return. Considered in the light most favorable to the State, as we must, the testimonies of Kumaoʻo, Tolentino, and Officer Smith provided enough credible evidence for a trier of fact to conclude that the unlawful entry element was satisfied. Accordingly, the Circuit Court did not err in denying Collins' motion for judgment of acquittal with regard to Count I.

(2) In his second point of error, Collins claims that the Circuit Court erred in denying his motion for judgment of acquittal as to Count II; specifically, that the evidence adduced at trial was that of non-submission, rather than explicit force. Collins relies on the commentary to HRS § 710-1026[5] to justify

---

[5]

The Code deals specifically with resisting arrest out of a desire to confine the offense to forcible resistance that involves some substantial danger to the person. Mere non-submission ought not to

his position that the evidence is insufficient. While he is correct that Resisting Arrest is not meant to be charged where there was no threat of harm to the officer, he ignores the testimony that does not comport with his version of the facts. Collins' argument refers to HRS § 710-1026(a) and (b), specifically either the use of force or creating a substantial risk of bodily injury.

While there was contradictory testimony, the jury could have reasonably disregarded it and relied solely on HPD Officer Clarence Neves' testimony, instead. A jury only needs enough evidence to allow a juror of reasonable caution to conclude guilt beyond a reasonable doubt. *State v. Pone*, 78 Hawaiʻi 262, 265, 892 P.2d 455, 458 (1995).

Officer Neves, the arresting officer, testified that Collins was swinging his arms "at" him as he attempted to cuff Collins, and that the swinging of the arms was sufficient, in his opinion, to warrant the use of pepper spray. Officer Neves further testified that Collins attempted to kick him while he was on the ground.

Collins asserts that he did not attempt to hit or kick Officer Neves, and relies upon HPD Officer Michael Ganigan's testimony that he did not see Collins kick or swing his arms towards Officer Neves. Collins further argues that his account is supported by Kumaoʻo's testimony that she witnessed the entire arrest from thirty feet away and did not see Collins swing his arms or kick at Officer Neves.

Based on Officer Neves' testimony alone, the jury could have concluded beyond a reasonable doubt that Collins either used physical force or put Officer Neves at a substantial risk of bodily injury. Accordingly, the Circuit Court did not err in denying Collins' motion for judgment of acquittal with regard to Count II.

---

be an offense. One who runs away from an arresting officer or who makes an effort to shake off the officer's detaining arm might be said to obstruct the officer physically, but this type of evasion or minor scuffling is not unusual in an arrest, nor would it be desirable to make it a criminal offense to flee arrest.

Haw. Rev. Stat. § 710-1026 cmt. (Supp. 2012) (footnote omitted).

NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Based on the foregoing, the July 10, 2013 Judgments entered by the Circuit Court of the First Circuit are affirmed.

DATED: Honolulu, Hawaiʻi, October 25, 2016.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

6